**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **THOMAS MILES** | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | **C. A. No. 26-cv-04468** |
| **V.** | § | |
| | § | |
| **GOOGLE, LLC** | § | |
| | § | |
| **Defendant.** | § | |

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

TO THE HONORABLE JUDGE:

Plaintiff, Thomas Miles ("Plaintiff"), by and through undersigned counsel, alleges as follows:

## I. NATURE OF THE ACTION

1. This is an action for contributory trademark infringement, false designation of origin, and unfair competition under the Lanham Act, 15 U.S.C. § 1051 et seq., and Texas common law, arising from Defendant Google, LLC's knowing and continued provision of its YouTube platform to a user who has repeatedly infringed Plaintiff's Federally Registered Trademark "NEPHEW TOMMY."

2. Despite receiving multiple detailed, URL-specific trademark infringement notices, along with documentary proof of Plaintiff's trademark rights, Defendant has failed and refused to adequately remove or prevent continued infringement, thereby facilitating ongoing consumer confusion and damage to Plaintiff's brand.

## II. PARTIES

3. Plaintiff, Thomas Miles is an individual residing in the State of Texas.

4. Plaintiff is the owner of United States Trademark Registration No. 8058715 for the United States Patent and Trademark Office (USPTO) Federally Registered Trademark "NEPHEW TOMMY" (the "Mark").

5. Defendant Google, LLC is a Delaware limited liability company with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043.

## III. JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

8. This Court has personal jurisdiction over Defendant because Defendant purposefully avails itself of the privilege of conducting business in Texas, including by operating an interactive online platform accessible in Texas, deriving substantial revenue from Texas users, and directing content and advertising to Texas residents.

9. Defendant's tortious conduct has caused injury in Texas, including harm to Plaintiff, a Texas-based trademark owner, and confusion among consumers in Texas.

10. Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred in this District and Defendant conducts substantial business in this District.

## IV. FACTUAL ALLEGATIONS

### A. Plaintiff's Trademark Rights

11. Plaintiff owns all right, title, and interest in and to the "NEPHEW TOMMY" mark, which is attached as Exhibit A and fully incorporated herein.

12. The Mark is valid, subsisting, and in full force and effect.

13. The Mark has been used extensively in commerce in connection with entertainment services and has acquired substantial goodwill and recognition.

B. Infringing Conduct by YouTube User

14. A YouTube user has used the Mark without authorization in connection with video content, channel branding, titles, and/or descriptions, as provided in Exhibit C which is attached and fully incorporated herein.

15. Such use is likely to cause confusion as to source, sponsorship, or affiliation with Plaintiff.

C. Notice to Defendant (Particularized Knowledge)

16. Plaintiff submitted multiple trademark infringement reports through Defendant's formal trademark complaint system, which is attached as Exhibit D and fully incorporated herein.

17. Each report included: a. Specific URLs identifying infringing content; b. A detailed description of the infringing use; c. Plaintiff's trademark registration certificate; d. Sworn statements attesting to the accuracy of the claims, as evidenced in Exhibit D.

18. Plaintiff submitted multiple such reports identifying distinct infringing videos and/or channels (the "Reported URLs"), which is attached as Exhibit B and fully incorporated herein.

19. Plaintiff also sent a supplemental legal brief to Defendant via U.S. Priority Mail detailing the infringement, identifying the Reported URLs, and outlining the legal basis for removal, which is attached as Exhibit E and fully incorporated herein.

20. Upon information and belief, Defendant received and reviewed such notices and had actual knowledge of the specific infringing content identified in the Reported URLs.

D. Defendant's Failure to Act (Post-Notice Conduct)

21. Despite receiving actual knowledge of the specific infringing content, Defendant failed to timely remove, disable access to, or otherwise prevent continued publication of one or more of the Reported URLs.

22. Upon information and belief, certain Reported URLs remained live and publicly accessible for a material period of time after Defendant received notice.

23. Upon information and belief, certain infringing content continues to be available on Defendant's platform as of the filing of this Complaint.

24. Defendant failed to implement adequate measures to prevent the repeat posting of infringing content by the same user, despite repeated notices from Plaintiff.

25. Defendant continues to provide hosting, distribution, promotional, and monetization services to the infringing user and/or associated channels.

26. Defendant has the ability to remove infringing content, suspend accounts, and prevent repeat infringement, but failed to take reasonable steps to do so.

27. Plaintiff also attempted to notify the infringing user via cease-and-desist correspondence, which was returned unclaimed, evidencing evasive conduct by the infringer, attached as Exhibit F and fully incorporated herein.

E. Willful Blindness and Repeat Infringer Conduct

28. Defendant was repeatedly notified of specific instances of infringement involving the Mark, as evidenced in Exhibit D.

29. Despite such repeated notices, Defendant failed to take meaningful action to prevent ongoing or repeated infringement by the same user.

30. Defendant's conduct constitutes willful blindness to the infringing activity occurring on its platform.

31. Defendant has adopted and enforced policies that are insufficient to address known repeat trademark infringement.

32. Defendant's continued provision of services under these circumstances amounts to knowing facilitation of infringement.

33. Defendant's actions and omissions have caused and continue to cause consumer confusion and irreparable harm to Plaintiff.

## V. CLAIMS FOR RELIEF

COUNT I – CONTRIBUTORY TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)

34. Plaintiff incorporates the foregoing paragraphs.

35. Defendant knowingly continued to supply its services to a party it knew or had reason to know was engaging in trademark infringement.

36. Defendant's conduct constitutes contributory trademark infringement.

COUNT II – FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

37. Plaintiff incorporates the foregoing paragraphs.

38. Defendant's actions have caused confusion as to affiliation, connection, or association with Plaintiff.

COUNT III – UNFAIR COMPETITION (TEXAS COMMON LAW)

39. Plaintiff incorporates the foregoing paragraphs.

40. Defendant's conduct constitutes unfair competition under Texas common law, including by misappropriating the goodwill associated with Plaintiff's Mark and facilitating consumer confusion.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

(A) Preliminary and permanent injunctive relief;

(B) Removal of all infringing content;

(C) An order requiring Defendant to implement measures to prevent repeat infringement;

(D) Damages, including Defendant's profits;

(E) Statutory damages where applicable;

(F) Attorneys' fees and costs; and

(G) Such other relief as the Court deems just and proper.

## VII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## VIII. EXHIBIT SCHEDULE

Exhibit A: U.S. Trademark Registration No. 8058715 (NEPHEW TOMMY)

Exhibit B: List of Reported URLs

Exhibit C: Screenshots of Infringing Content

Exhibit D: YouTube Trademark Complaint Submissions and Confirmations

Exhibit E: Supplemental Legal Brief to YouTube and Proof of Mailing

Exhibit F: Cease and Desist Correspondence and Returned Envelope

Respectfully submitted,

By: /s/ Nikeyla Johnson

NIKEYLA JOHNSON
Southern District No. 981963
Texas Bar No. 24065505
ERIC MCFERREN
Texas Bar No. 24037071
MELVIN HOUSTON
Texas Bar No. 00793987
3033 Chimney Rock Rd #610
Houston, Texas 77056
Tel: (832) 289-7614
njohnson@contactjohnsonlawfirm.com
ATTORNEYS FOR PETITIONER